<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IBEW LOCAL UNION NO. 102, IBEW LOCAL 102 WELFARE, PENSION, ANNUITY AND JOINT APPRENTICESHIP TRAINING FUND AND THEIR BOARDS OF TRUSTEES, AND THE IBEW LOCAL 102 DISTRIBUTION FUND AS COLLECTION AGENT FOR THE NATIONAL ELECTRICAL BENEFIT FUND, | Civil Action No. 08-907 (JAG) <br><br> **OPINION** |
| Plaintiffs, | |
| v. | |
| DANE CONSTRUCTION CO., LLC, | |
| Defendant. | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court (Docket Entry No. 5) on the motion for entry of default judgment against defendant, Dane Construction Co., LLC ("Defendant"), by plaintiffs, IBEW Local Union No. 102, IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Fund and their Boards of Trustees, and the IBEW Local 102 Distribution Fund as collection agent for the National Electrical Benefit Fund (collectively, "Plaintiffs"), pursuant to FED. R. CIV. P. 55(b)(2). For the reasons stated below, this motion shall be granted.

I. **FACTS**

Plaintiffs are IBEW Local Union No. 102, an unincorporated labor organization, IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Fund and their Boards of Trustees, trusts established pursuant to the National Labor Relations Act and Employment Retirement Income Security Act (ERISA), and IBEW Local 102 Distribution Fund, a collection agent for the National Electrical Benefit Fund. (Compl. ¶ 1-3.)  Defendant employs electrical contractors represented by IBEW Local Union No. 102, and is bound to the current collective bargaining agreement between IBEW Local Union No. 102 and the National Electrical Contractors Association. (Compl. ¶ 4.)

Under the Employee Retirement Income Security Program, 29 U.S.C. §1145, an employer who is party to a collective bargaining agreement is required to make payments, pursuant to the terms of that agreement.  In August 2007, Defendant's records were audited, per Plaintiffs' request. (Compl. ¶ 11.)  The audit revealed that between January 1, 2005 and December 31, 2006, Defendant failed to make payments to the IBEW Local 102 Welfare, Pension, Annuity and Joint Apprenticeship Training Funds in the amount of $7,302.29. (Compl. ¶ 12.)  Plaintiffs demanded payment from Defendant, but Defendant refused to remit payment in violation of 29 U.S.C. §1145 and the collective bargaining agreement. (Compl. ¶ 13.)

Plaintiffs now request this Court to enter judgment in favor of Plaintiffs for an amount of $11,704.16, plus $2.17 interest per diem thereafter until judgment is satisfied, pursuant to 29 U.S.C §1132(g)(2)(A).[1]

---

[1] The amount of $11,704.16 is calculated by adding the unpaid contributions between January 1, 2005 and December 31, 2005, $7,203.79, plus the interest accrued on the principal debt at 11% per annum up to July 31, 2008, $1254.66, plus liquidated damages of 20% of the

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) governs the entry of default judgment. The Rule states:

> In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing.

FED. R. CIV. P. 55(b)(2). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 11 (8th Cir. 1977).

"Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint." United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003) (citing Brock v. Unique Racquetball & Health Clubs, Inc., 786 F.2d 61, 65 (2d Cir. 1986)). Default does not establish liability for the amount of damages claimed by the plaintiff. Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).

The district court has considerable latitude in determining the amount of damages. Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993). In determining the amount, the district

---

unpaid contributions, $1440.76 plus reasonable attorney's fees and costs of the action, $1804.95.

court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997). "It is familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12 (1944).

### III.  JURISDICTION

Before default judgment may be entered against a party that has not filed responsive pleadings, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).

This Court finds that subject matter jurisdiction is proper under 28 U.S.C. §1331. This action involves a federal question; namely, the interpretation of the ERISA statute, 29 U.S.C. §1145 and 29 U.S.C. §1132(g)(2), in determining the amount of payment due to Plaintiffs. This Court also has personal jurisdiction over Defendant, since Defendant's business is incorporated in New Jersey. Williams, 802 F.2d at 1203.

### IV. ANALYSIS

**A.     Default Judgment**

Defendant has failed to appear, or otherwise plead, in response to the Complaint, which was filed on February 18, 2008 and served on Defendant on March 3, 2008. (See Executed Summons for Dane Construction Co., LLC dated March 3, 2008 (Docket Entry No. 3).)

Plaintiffs requested an entry of default by the Clerk of the Court before filing the instant motion. The Clerk entered default on June 24, 2008. Plaintiffs served Defendant with the notice of motion for default judgment on July 15, 2008. This Court finds default judgment is appropriate, under FED. R. CIV. P. 55(b)(2), on all counts of the Complaint because Defendant failed to respond to the Complaint, despite having been served with the Complaint on March 3, 2008.

**B.**     **Damages**

Plaintiffs request that this Court enter judgment against Defendant for the amount of $11,704.16 plus per diem interest from August 1, 2008 at a rate of $2.17. The amount requested is calculated pursuant to 29 U.S.C. §1132(g)(2). This section states that

> [T]he court shall award the plan (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of--(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of twenty percent of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. For the purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. §1132(g)(2) (2009). Based on this section the following calculation results:

A. Unpaid contributions between January 1, 2005 through December 31, 2005...............$7203.79

B. Interest accrued on the principal debt at 11% per annum up to July 31, 2008..............$1254.66[2]

C. Liquidated damages of 20% of (A)............................................................................$1440.76

---

[2] Section 6621(a)(2) of Title 26 of the United States Code states the underpayment rate is the "sum of (A) the Federal short-term rate determined under subsection (b), plus (B) 3 percentage points." The Federal short-term rate for the third quarter of 2007, the quarter in which the audit was conducted of Defendant's records, was eight percent. Adding the three percentage points to eight percent, as required by 26 U.S.C. §6621(a)(2), the applicable interest rate comes to eleven per cent.

D. Reasonable attorneys fees and costs of the action......................................................$1804.95[3]

The amount requested by Plaintiffs is equal to the total of subparagraphs (A) through (D), $11,704.16, plus $2.17 interest per diem from August 1, 2008.

    In their request for damages however, Plaintiffs have not provided an explanation as to why the amount of $2.17 is an appropriate per diem interest.  Further, Plaintiffs have not explained why the interest rate at 11% accrues until July 31, 2008 and why the $2.17 per diem interest begins to accrue from August 1, 2008.  Plaintiffs are directed to submit an affidavit with documentation supporting their request for damages before this Court can rule.

    This Court finds that default judgment is appropriate, under FED. R. CIV. P. 55(b)(2), on all counts of the Complaint, because the Defendant failed to appear in response to the Complaint served on Defendant on March 3, 2008.  Plaintiffs' demand for judgment is granted.  At this juncture, this Court shall reserve judgment on the issue of damages.

## V. CONCLUSION

    For the reasons set forth above, Plaintiffs' motion (Docket Entry No. 5) for default judgment is granted.  This Court shall reserve judgment on the issue of damages until Plaintiffs submit an affidavit with documentation supporting their request for damages.

Date: March 30, 2009

                                        S/Joseph A. Greenaway, Jr.
                                        JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[3] This amount includes actual attorney's fees incurred by Plaintiffs ($1,400.00), the United States District Court filing fee ($350.00), and the Process Service Fee for serving Summons and Complaint ($54.95). (Aff. of Proof and Non-Military Service.)